UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cr-00698-MTS |
| | ) | |
| RICKY STARKS, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1. PARTIES:

The parties are the defendant Ricky Starks, represented by defense counsel Steven Sokolik, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

## 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Five of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's unlawful possession of a firearm on November 9, 2021, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count Five, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to:

- (1) Kimber 9 millimeter Micro 9 handgun.

- $3,280.00 in United States currency.

## 3. ELEMENTS:

As to Count V, the defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One,* the defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two,* after that, the defendant knowingly possessed a firearm, that is a Kimber 9 millimeter Micro 9 handgun;

*Three,* at the time the defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

2

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

During the month of November of 2021, investigators with the Drug Enforcement Administration (DEA) were actively investigating co-defendant Gary Poindexter, and his drug trafficking organization for possessing and distributing illegal narcotics. During the course of the investigation, investigators obtained a Title III warrant in order to monitor communications, to and from, Poindexter's cellular phone. In November 2021, investigators intercepted communications between Poindexter and Ricky Starks. During those intercepted communications, investigators suspected that Poindexter was directing Starks to deliver an unknown amount of illegal narcotics to a previously identified drug stash house located at 219 Newell Drive, St. Louis, Missouri.

On or about November 9, 2021, investigators with the DEA notified Police Officer Raymond Hussmann with the University City Police Department that Starks was driving a Chevrolet truck and may have been in possession of a large quantity of narcotics. On the same date, Officer Hussmann observed the Chevrolet truck within Heman Park, which was located within University City. Officer Hussmann conducted a records check of the license plate and learned that it was not associated with the observed Chevrolet truck. Officer Hussmann proceeded to conduct a traffic stop of the vehicle.

Officer Hussmann spoke with and positively identified Ricky Starks as the sole occupant of the vehicle. Ricky Starks consented to Officer Hussmann searching Starks' vehicle. Prior to

3

granting consent, Starks informed Officer Hussmann that there was a firearm located in the center console of the vehicle. Officer Hussmann proceeded to locate a loaded Kimber 9 millimeter Micro 9 handgun. A further records check informed Officer Hussmann that Starks was a convicted felon. During search incident to arrest of Starks' person, Officer Hussmann located $3,280.00 in United States Currency and one bag containing marijuana. Such marijuana was seized and eventually submitted to a laboratory and confirmed to be at least 3.851 grams[1].

Starks was advised of his *Miranda* rights and agreed to later speak with Officer Hussmann. Starks admitted to knowingly possessing the aforementioned firearm. If this matter were to proceed to trial, the government would establish that Hemphill had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that he knowingly possessed the aforementioned firearm, and that such firearm previously traveled in interstate or foreign commerce during or prior to being in the defendant's possession. Further, the pistol can expel a projectile by action of an explosive and is, therefore, a "firearm" as defined under federal law.

5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than 3 years. In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has

---

[1] The United States asserts that although Starks was in possession of one bag of marijuana, the Government would not be able to prove by a preponderance of the evidence that Starks intended to commit the felony of possessing the marijuana with an intent to distribute such to another person.

4

been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of 15 years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence. However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

By entering into this agreement, Defendant expressly waives any right he may have to: (1) be charged by the Grand Jury with the allegation that he has at least three prior convictions that are either violent felonies or serious drug offenses that were committed on occasions different from one another; (2) have a jury make a determination that the convictions occurred on occasions different from one another beyond a reasonable doubt. Defendant fully understands that the Court will determine whether Defendant's prior convictions were committed on occasions different from one another based on information provided in the Presentence Investigation Report as well as additional evidence the parties present.

## 6. U.S. SENTENCING GUIDELINES (2021 MANUAL):

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

5

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:**  The parties agree that the Base Offense Level is found in Section 2K2.1(a), and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal. The parties agree that the Base Offense Level is 20, because the defendant committed the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense, as found in Section 2K2.1(a)(4).

(2) **Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply: none.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Other Adjustments:**  The parties agree that the following additional adjustments apply: none.

**c. Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is 17. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

**e. Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

8

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

 **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

 **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

 **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

 **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

9

**e.  Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g.  Forfeiture:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities.  Defendant specifically agrees to the forfeiture of the following:

- (1) Kimber 9 millimeter Micro 9 handgun.

10

- $3,280.00 in United States Currency.

Defendant also agrees to the entry of a forfeiture money judgment against the defendant and in favor of the Government in the amount of $3,280.00. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

11

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

12

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.


12/01/23
_____
Date

/s/ Ricardo Dixon #MO70026
_____
RICARDO DIXON
Assistant United States Attorney

13

12-04-2023
_____
Date

12-4-23
_____
Date

_Ricky Starks_
RICKY STARKS
Defendant

_[signature]_
STEVEN SOKOLIK
Attorney for Defendant

14